## JACKSON v. RUTHERFORD ET AL.

*Constitutional law—Vested estates in realty not affected by subsequent legislation—Descent and distribution—Section 8573, General Code—Statute at date of fee owner's death applies, not amendment—Descent to wife's cousins, subject to life estates of husband and father.*

1. When estate in realty is once vested, Legislature, by subsequent enactment or statutory provision, is without power to set aside, enlarge, or lessen vested interest.
2. Property of married but childless woman descended to her cousins in fee, subject to life estates of her husband and father, under Section 8573, General Code, in effect on date of her death without issue, and fee did not descend to her father under the Act of March 15, 1923 (110 Ohio Laws, 13), amending Section 8573 in effect on date of husband's death.

(Decided February 18, 1926.)

ERROR: Court of Appeals for Morrow county.

*Mr. T. B. Mateer* and *Mr. Benjamin Olds,* for plaintiff in error.
*Mr. Charles F. Schaber,* for defendants in error.

HOUCK, J.   The parties here stand in the same position as they stood in the common pleas court, and hereafter will be referred to as plaintiff and defendants; the question in dispute being in whom the fee-simple title vests in the real estate of which Nettie Ireland died seized. This must be determined from the agreed facts and the proper application thereto of the Ohio laws relating to the descent of real estate.

"Agreed Statement of Facts.

"(1) Elizabeth Jackson died intestate on June 6, 1914, seized of 130 acres of land in Canaan township, Morrow county, Ohio, hereinafter described.

"(2) Elizabeth Jackson died, leaving George W. Jackson her widower and Nettie Ireland her daughter and only heir at law. Elizabeth Jackson left no other children or their legal representatives.

"(3) Elizabeth Jackson also left the following defendants: William Rutherford, D. L. Rutherford, Margaret Blayney, Anna Clark, Ada L. Wickham, and George Rutherford, who were the only children and heirs at law of Mrs. Rutherford, who was the only sister of the said Elizabeth Jackson; these defendants being nephews and nieces of Elizabeth Jackson, and full cousins of Nettie Ireland. Elizabeth Jackson left no brothers or their legal representatives.

"(4) Nettie Ireland died intestate and without issue on May 6, 1920, leaving neither brothers or sisters or legal representatives of brothers or sisters, but leaving George W. Jackson, her father, and J. M. Ireland, her widower, and the defendants William Rutherford, D. L. Rutherford, Margaret Blayney, Anna Clark, Ada L. Wickham, and George Rutherford, her cousins on her mother's side. That D. L. Rutherford, subsequent thereto died, leaving Catherine Rutherford, his widow, and Mary L. Rutherford, his minor child and only heir at law.

"(5) J. M. Ireland died April 8, 1924, intestate and without issue. * * *

"(11) That the said George W. Jackson is without property or financial means other than his interest in this estate, is indigent, and of no financial responsibility.

"(12) The proceeds of the sale of said real estate are now in the hands of plaintiff awaiting distribution."

It is claimed by counsel for plaintiff that under favor of Section 8573, General Code, as amended March 15, 1923 (110 Ohio Laws, p. 13), and the facts, the plaintiff, George W. Jackson, took the fee-simple title to, and was and is the sole and only owner of, the real estate of which Nettie Ireland died seized.

It is urged by counsel for the defendants, the Rutherford heirs, that the statute (Section 8573, General Code), as it stood at the time of the death of Nettie Ireland in 1920 (Section 4158, Revised Statutes), and before its amendment in 1923, governs as to the descent of the realty in question; that, under the facts and the statute before its amendment, upon the death of Nettie Ireland the land now in dispute descended to the Rutherford heirs in fee simple, subject to the life estates therein of the plaintiff, George W. Jackson, the surviving widower of Elizabeth Jackson, deceased, the father of Nettie Jackson, deceased, and J. M. Ireland, the surviving widower of Nettie Ireland, deceased.

However, it is conceded by all the interested parties that, upon the death of J. M. Ireland, any and all interest he had in said land terminated. Therefore the only parties now claiming title to the land of which Nettie Ireland died seized are the plaintiff and defendants.

Nettie Ireland died May 6, 1920, leaving as her only heirs at law J. M. Ireland, her relict, George W. Jackson, her father, and the defendants, her cousins. J. M. Ireland died April 8, 1924.

On March 15, 1923, the Legislature amended Section 8573, General Code, and J. M. Ireland died intestate and without issue April 8, 1924.

We now come to the vital question for determination: Does the real estate of which Nettie Ireland died seized descend under the statute of descent as it existed at the time of her death on May 6, 1920, or does it descend under the amended statute as it stood at the time of the death of her husband, J. M. Ireland, on April 8, 1924?

It will be observed that the plaintiff, George W. Jackson, claims the absolute fee in the land which Nettie Ireland owned at the time of her death. The defendants likewise insist that they own it absolutely. The trial judge found for the defendants and against the plaintiff. Was this finding and judgment erroneous and prejudicial to the rights of the plaintiff?

Section 8573, General Code (Section 4158, Revised Statutes), in force at the time of the death of Nettie Ireland, provides: "When a person dies intestate, * * * such estate shall descend and pass in parcenary to his or her kindred in the following course."

Provision 1, following, does not apply, as there were no children. Provision 2 gives a life estate only to her husband, J. M. Ireland. Provision 3 does not apply, as there were no brothers and sisters of the intestate. Provision 4 does not apply, as the same was not a deed of gift.

We now come to provision 5, which reads: "(5) If the ancestor from whom the estate came is deceased, the estate shall pass to and vest in the children of the ancestor from whom the estate came, or their legal representatives; if there are

no children of the ancestor from whom the estate came, or their legal representatives, the estate shall pass to and vest in the husband or wife, relict of such ancestor, if a parent of the decedent, during the life of such relict. On the death of such husband or wife, or if there is no such husband or wife, the estate shall pass to and vest in the brothers and sisters of such ancestors, or their legal representatives; and for want of such brothers and sisters, or their legal representatives, to the brothers and sisters of the half blood of the intestate, or their legal representatives, though such brothers and sisters are not of the blood of the ancestor from whom the estate came.''

It is clearly apparent that the provisions of said paragraphs 2 and 5, applied to the facts, must be the guide to a proper decision in this case.

The surviving husband of Nettie Ireland, J. M. Ireland, as the relict of his wife, who died intestate, took a life estate, and, subject to same, George W. Jackson, the plaintiff, surviving relict of his wife Elizabeth Jackson, the ancestor from whom the estate came, took an inchoate life estate contingent on the death of J. M. Ireland before his death; and, subject to such, defendants, the Rutherford heirs, as the only surviving heirs at law of a Mrs. Rutherford, who was an only sister of the said Elizabeth Jackson, deceased, and who never had any brothers, took the fee.

We hold the fee now vests in the Rutherford heirs, subject to the life estate of the plaintiff, George W. Jackson. .

We find the rule of law to be that when an estate in realty is once vested the Legislature, by a subsequent enactment or statutory provision,

is without power or authority to set aside such vested interest, and the Legislature is without authority to enlarge or lessen a vested estate by passing subsequent laws which in effect seek to interfere with rights already vested.

The rule of law seems to be so well settled in Ohio that citations of authorities appear useless, yet we suggest the following: In *Rairden and Burnet* v. *Holden, Adm'r.*, 15 Ohio St., 207, at page 210, Brinkerhoff, C. J., says that the "words 'retrospective' and 'retroactive,' as applied to laws, seem to be synonymous; and, as such, they are used interchangeably by Mr. Sedgwick in his treatise on constitutional law," and he then quotes with approval from *Society for the Propagation of the Gospel* v. *Wheeler*, 2 Gall., 139, Fed. Cas., No. 13,156, Mr. Justice Story's definition of a retrospective law: " 'Upon principle, every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.' " And in *Goodale* v. *Fennell*, 27 Ohio St., 426, 22 Am. Rep., 321, it is held that the duty imposed upon the General Assembly by Article XIII, Section 6, of the Constitution, to restrict the power of assessment by municipal corporations is subject to the limitations imposed by Article II, Section 28, of the Constitution, which declares the General Assembly shall pass no retroactive law, or laws impairing the obligations of contracts.

Under the facts and the provisions of Section 8573, General Code, as it stood on May 6, 1920, the date of the death of Nettie Ireland, the fee in

and to the land, which she inherited from her mother, vested in the defendants, the Rutherford heirs. The fee-simple title was in Nettie Ireland until her death, and then passed by way of descent, under the statute of descent, Section 8573, General Code, as it existed in 1920, and before it was amended in 1923, to the Rutherford heirs, who were at the time her surviving heirs at law, made such by said statute.

In conclusion we need but remind counsel that vested rights in and to property acquired under existing laws should not and cannot be divested at the pleasure of the Legislature.

We find no error in the record, and the judgment of the common pleas court must stand.

*Judgment affirmed.*

SHIELDS, J., concurs.

PATTERSON, J., not participating.